IN THE FEDERAL DISTRICT COURT
SOUTHERN DIVISION GALVESTON

United States Courts
Southern District of Texas
FILED
MAY 20 2020
David J. Bradley, Clerk of Court

David Lee Young,
    Plaintiff,

v.

Lorie Davis, Ramon Collin, Anthony Patricu, Unidentified Agents Office of Inspector General Huntsville, Unidentified Agents Office of Inspector General, Special Prosecutions unit Austin,
    Defendants.

CIVIL ACTION NO.
3:20-CV-00157

## MEMORANDUM

Defendants Lorie Davis, Anthony Patricu's abuse of power using policy Pd.22 and the grievance process to Suppress a disfavored Minority, causing actual harm to plaintiff's ability to seek redress for wrongs alleged herein for a nonfrivolous claim.

The Administrative review process in accordance with applicable rules 548 U.S. at 88, 126 S.Ct. 2378 165 L.Ed. 2d 368 - rules are defined not by P.L.R.A., but by the prison grievance itself. Compliance with grievance procedures, therefore, it is all that's required by P.L.R.A. to properly exhaust

P.L.R.A 42 USCS. 1997(e) like 28 USCS. 2254 Contains a procedural default concept within the exhaustion requirement.

Pd 22 Policy: Introduction page one outline Disciplinary action guidelines, Human Resources writes Pd22 policy.

Policy: Employees are representatives of the Texas Department of Criminal Justice.

Employment at Will Clause: Nothing in these guidelines and procedures limits the executive directors authority to establish or revise Human Resources policy.

Discussion: Employee's responsibility to know rules set forth in this directive and to seek clarification, if necessary. Not being aware of the existance of any of the rules is not a defense for violations.
(Pd22 page one attached)

Plaintiff files a timley grievance approximately Mid 2018 concerning employee's and state vehicles being used for smuggling and/or delivery of contraband.
(Grievance in unit file)

After Administrative interview, step one was eventually passed to Office of Inspector General, Stringfellow unit, one Ramon Collin, an investigation was initiated ending 3-9-2019.

In P.L.R.A. the Modifer "Available" Means that inmates Must exhaust administrative remidies so long as there is possibility of some kind of relief, once a prisoner has won all the relief that available under administrative procedure, his administrative remedies are exhausted.

Plaintiff contends that grievance number one 2018, step I was legally and administratively exhausted on criminal allegations when Mr. Collin took charge of Step I allegations, and initiates a criminal investigation, Plaintiff can win no further relief than criminal investigation, Mr. Collin

MEMORANDUM II

has the step I grievance under review for the duration of the investigation lasting approximately 7 months, and rendering step II moot.
(on file grievance department)

Mr. Collin's conduct prompt a second grievance 5-2019 which states: "not a grievable issue."

Mr. Collin's deliberate indifference allowing a cell phone, drug, and contraband drop to be delivered to C.T. Terrell unit in retaliation for plaintiff whistle-blowing on his actions involving security risks, with recklessness in Criminal Law, "which implies an act so dangerous that the defendant's knowledge of the risk can be inferred. See Block v. Rutherford 468 U.S. 576, 584 (1984), Duckworth v. Franzen 780 F.2d 645, 652 (CA.7 1985)

Policy Pd 22 section IV: "When another "agencies" or "entities" employee works at a unit or department under control of T.D.C.J., and the employee's conduct has affected or has the "potential" to affect security at the unit or department, the appropriate warden, department head or designee shall consult with the employee's supervisor at the other agency or entity regarding the issue. The offending party may be removed from the unit or department, and the warden or department head may recommend the imposition of disciplinary action with the employee's supervisor at the other agency or entity. (Pd 22 section IV attached)

Mr. Collin's office is located at the Stringfellow unit, Rosharon, Texas under the control of T.D.C.J. The allegation on second grievance filed 5-2019, Mr. Collin deliberately allowed a cell phone, drugs, and other contraband to C.T. Terrell, in retaliation for plaintiff whistleblowing to T.C.R.P. Austin (Jail standards) concerning Mr. Collin's actions. See Criminal Law 78 Cruel and unusual punishment - Safety.

MEMORANDUM III

Pd 22 Section IV Makes clear any conduct esp. security, "shall be addressed concerning another agency or entity employee that has an affect or potential affect on unit security." Substantial allegations were made to demonstrate Mr. Collin's conduct violated the law and Constitutional rights of which a reasonable person would have known. Pd 22 Section IV is clearly defined, obvious potential, Brown 117 S.Ct. at 1391; Canton 489 U.S. at 390, Harlow v. Fitzgerald 457 U.S. 800, 818 73 L. Ed. 2d 396, 102 S.Ct. 2727 (1982)

Grievance filed 5-2019 on alleged violations by Mr. Collin, should have C.T. Terrell Administration on notice, Mr. Collin had violated Pd 22 Section IV, by ignoring public safety, staff and inmate security. Pd 22 Section IV page one, Discussion, offers no ambiguous language, it is clear and concise. Concerning employee's responsibility to know the rules and regulations: "It is an employee's responsibility to know the rules set forth in this directive and to seek clarification, if necessary. Not being aware of the existance of any of the rules is not a defense for violations." C.T. Terrell, Anthony Patrick, and Lorie Davis were made aware of dangerous allegations against Mr. Collin and failed to act. (Exhibit entered Houston Federal District 4:19-cv-01232)

Indeed, the allegations against Mr. Collin are grievable, and the subsequent and continuing acceptance of a dangerous, reckless grievance process, indifference to policy tends to prove preexisting disposition on policy, and defendants may face liability under 1983 when they breech duties imposed by state and local laws.

Plaintiff mailed one narrative 6-24-2019 to Executive Director Lorie Davis concerning Mr. Collins actions and a cell phone being used

MEMORANDUM IV

at this compound to do drug business. The Narrative arrives approximately 6-28-2019, on 7-1-2019, head of gang intel. Mr. Diez in conjunction with Regional K-9 team enters this dorm at 1:30am recovering one black cell phone, one white phone charger and ear buds, taking into custody alleged gang member Perry Harris. However, no action was taken against any employee. (Narrative as exhibit Houston Federal District)

7-7-2019 Plaintiff again contacts Executive Director Lorie Davis concerning the Mechanic shop C.T. Terrell, advised Director Davis of two employee's engaged in criminal activity, theft, using inmate Mechanic Chris Haraway to gather cash, copper, any stolen items of Value that could be traded for contraband, no action was taken, an employee Bates and Smith, and operation Mr. Collin ask me to infiltrate. (Sworn declaration to Director Davis exhibit per Houston Federal District.)

Approximately 7-12-2019 interviewed by C.T. Terrell Captain Agular, relating to Mr. Agular what Ramun Collin had done, giving first hand accounts of Mr. Bates activities and that of Mr. Smith, I was told they would investigate, eventually no action taken circumventing policy Pd22 and the operation continued. Eight Amendment imposes upon prison officials duty to provide humane conditions of confinement, including obligation to provide reasonable safety. Vance v. Peters 97 F.3d 987 (7th Cir. 1996) and Criminal Law 1213, 10(1)

When a policy appears facially lawful and defendants have not directly inflicted the injury or unconstitutional actions it could not be held culpable, however, choices made to justify as policy

MEMORANDUM V

a blatant abuse of power does not justify exercising power the state nor the constitution grants. When the state at it's pleasure can violate policy, it would seem undeniable that law or policy carried out in pursuance of the constitution are not only not of paramount authority, but are of no authority whatever.

A third grievance on related issues filed 12-5-2019 denied same day stating: "Redundant", do not proceed to step two. (exhibit Houston)

Plaintiff argues the continuing acts, facts, circumstances or occurances that form the environment of a main act or event esp. Crime, and are closely connected to it that they constitute a part of a continuous transaction, and the "same criminal actors", are part of the res gestae of conditions of confinement, are not redundant under criminal or constitutional law.

Plaintiff files a fourth grievance concerning First Amendment right access to court, grievance denied: "Time Barred" Approx. 2-2020 (exhibit Houston Court)

Under P.L.R.A. 42 U.S.C.S. 1997(e) like U.S.C.S. 2254 contains a procedural default concept within the exhaustion requirement. Plaintiff contends the abuse of power against a disfavored minority to "FORCE PROCEDURAL DEFAULT" to deny plaintiff First Amendment right to be heard, and seek redress in Federal Court on nonfrivolous action.

4-2020 plaintiff files a fifth grievance on the abuse of Pd22 and the grievance process, no reply on grievance.

MEMORANDUM VI

Prison policy may interfere with the exercise of a constitutional right if they are based on valid penological objectives 148 F.3d 1215. Defendants have a culpable state of mind when they consciously and deliberately disregard the dangers alleged to the public, staff, and inmate population, an abuse of power so obvious that its action or failure to act is substantially certain to result in a constitutional violation, and consciously or deliberately choose to disregard the risk of harm. See Brown 117 S.Ct. at 1350

Defendants were repeatedly put on notice by the grievance, narratives, sworn declaration, personal interviews, and tape recordings demonstrating little fidelity for their own policies by ignoring their duty to provide humane conditions of confinement, including obligation to provide reasonable safety. Vance v. Peters 97 F.3d 987 (7th Cir. 1996)

Defendants acting under color of state law in active participation and concert to suppress a disfavored minority from legitimate use of the grievance process, and policy Pd.22 to evade detection and liability for criminal acts by employees, the depravitation's alleged are, objectively, sufficiently serious, and have resulted in the denial of minimal civilized measure of life's necessities. Further, Defendants demonstrate a sufficiently culpable state of mind, which the court defines as deliberate indifference, further still, denying plaintiff First Amendment right, using policy to suppress access to courts.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct. Executed at Rosharon, Texas

David Lee Young  
5-18-2020

*(signature)*

MEMORANDUM VII